**Vern R. HUGHES and Carol Hughes,
Plaintiffs,**

v.

**UNITED STATES of America,
Defendant.**

Civ. No. 5345.

United States District Court,
D. Wyoming.

Dec. 16, 1970.

Joseph B. Sullivan, Douglas, Wyo., and Drexler & Wald, Denver, Colo., for plaintiffs.

Richard V. Thomas, U. S. Atty., Cheyenne, Wyo., and James P. Parker, Trial Atty., Tax Division, Dept. of Justice, Washington D. C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### FINDINGS OF FACT

KERR, District Judge.

1. The plaintiffs, Vern R. Hughes and Carol Hughes, are residents of Jackson, Wyoming.

2. Defendant is the United States of America.

3. The plaintiffs filed joint federal income tax returns for the years 1961, 1962 and 1963 with the District Director of Internal Revenue in Wyoming.

4. Following an audit by agents of the Internal Revenue Service, the plaintiffs paid deficiencies in income tax together with penalties and interest for the years 1961, 1962 and 1963.

5. The plaintiffs filed claims for refund of the deficiencies paid by them. The claims were denied by the Internal Revenue Service and the plaintiffs filed this action, contesting some of the adjustments which resulted in the deficiencies.

6. Shoni Uranium Corporation (later known as Shoni Corporation) was organized in 1956. During the periods here involved, Vern Hughes was chief executive officer, general manager, and the principal person in management.

7. Until November, 1958, the officers of Shoni were paid salaries in cash. From November of 1958 until early in 1963, however, no cash salary was paid to any officer of Shoni.

8. During the period November, 1958 until early in 1963, Vern Hughes, Stanford E. Clark, and Roy Peck continued to perform services for Shoni.

9. During the period 1958–1963, Mr. Clark, the corporate secretary-treasurer, did the office work, prepared income tax returns, kept the books and served as transfer agent for the stock of the corporation; Roy Peck served as public relations officer, author of annual reports and other corporate documents; during this period Vern Hughes spent a tremendous amount of time as chief executive officer of the company in seeking to obtain funds by making numerous contacts with various mining companies and individuals in an effort either to sell properties or interests in the properties, or joint ventures or private placements of stock. He also assisted in prosecuting legal actions which Shoni had going and also in minimizing maintenance of the company. He made efforts to market some of the assets of the company, liquidating his own assets in order to generate income to lend to Shoni. He made deals with other companies and assisted in doing the legal work and expert analysis in connection with the litigation in which Shoni was engaged with Vitro and Federal. In addition, both Mr. Clark and Mr. Hughes had numerous contacts with creditors and stockholders of Shoni and answered inquiries from both. In addition, Messrs. Hughes, Clark and Peck met frequently as an informal executive committee and made decisions and transacted business on behalf of the company.

In order to sustain himself and his family, Mr. Clark had to seek employment other than serving as secretary-treasurer of Shoni. He took a job as office manager for a drilling supply com-

pany; Mr. Peck was employed as a co-publisher of a daily newspaper, but Mr. Hughes had no other employment.

10. During the period beginning with November, 1958 and ending in the early part of 1963, Shoni had no funds except money that Vern Hughes would advance.

11. Shoni had a deficit in excess of $238,000 on December 31, 1962. It had more than a dozen creditors; it owed creditors amounts aggregating in excess of $65,000 evidenced by accounts and notes payable; Vern Hughes held a mortgage note to evidence the advance made by him. In effect, though not formally, the company went broke in 1958; the company went into a period of dormancy.

12. During this difficult period in the life of Shoni and the uranium industry, many companies lost their properties and disappeared, but due primarily to the efforts of Mr. Hughes, assisted by Messrs. Clark and Peck, Shoni blossomed again as uranium came back and as the nuclear power market began to develop.

13. During the period from November, 1958 until early in 1963 (when Shoni obtained funds and paid the salaries in cash) there was a contemporaneous obligation to pay salaries to Mr. Hughes, and the payments made in 1963 were in fulfillment of his obligation and not as a bonus.

14. At the time that the 1963 payments were made, there was no question in anyone's mind as to the amount of the salaries or how they were arrived at; Vern Hughes was a proud man and maintained that salaries should be accrued without regard to whether funds were available to make immediate payments.

15. The salaries for Vern Hughes were discussed at directors' meetings held on July 27, 1957, October 28, 1958, December 22, 1962 and August 19, 1963. When funds were available to make these payments in 1963, Stanford E. Clark, the secretary-treasurer of Shoni, made the calculations and made out the checks which were issued in payment of salaries for prior years. Mr. Clark relied not only on the minutes, but also upon conversations with Mr. Hughes and Mr. Peck to confirm the figures and resolve any apparent inconsistencies. At this time, Mr. Clark, Mr. Peck and Mr. Hughes all had a vivid and clear recollection of the amounts owed and Mr. Hughes knew what he was entitled to receive.

16. The salaries paid to Mr. Hughes in 1963 were to discharge an obligation for his salary incurred for the years 1958 through 1962 for services rendered during these years. The reason for non-payment of salaries was a financial condition of the company similar to bankruptcy or receivership.

17. In 1961, Vern Hughes received 2,500,000 shares of stock in Shoni Uranium Corporation in exchange for his interest in Hughes Mining Company, a partnership.

18. Vern Hughes' interest in Hughes Mining Company had a basis of $19,285.94.

19. In 1962, Vern Hughes received 900,000 shares of Shoni Uranium Corporation stock in payment of salary.

20. Vern Hughes and Shoni Uranium Corporation each treated the stock as being worth 1 cent per share.

21. The stock of Shoni Uranium Corporation received by Vern Hughes in 1961 and 1962 had a value of one cent per share.

22. Vern Hughes made certain payments to Warren Staley during 1963. None of these payments were for interest.

23. Vern Hughes did not proofread or thoroughly examine his income tax returns after they were prepared by his accountants.

24. Vern Hughes overlooked various errors on his income tax returns. He was generally very lax in the filing of returns.

25. In 1962, Vern Hughes reported receipt of only 562,000 shares of Shoni

stock when he actually received 900,000 shares.

26. In 1963, Vern Hughes claimed two dependency exemptions for one of his children by listing him twice.

27. Vern Hughes often gave his accountant round figures for use on his income tax returns. These figures were merely estimates by him.

28. Vern R. Hughes and Carol Hughes filed returns which underreported their income tax liability for each of the years 1961, 1962 and 1963.

29. Vern R. Hughes and Carol Hughes underpaid their income tax for each of the years 1961, 1962 and 1963.

30. At least part of the underpayment of tax by Vern Hughes and Carol Hughes for each of the years 1961, 1962 and 1963 was due to the negligence of Vern Hughes.

31. Any conclusion of law deemed as or properly constituting a finding of fact is hereby adopted as a finding of fact.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the subject matter herein and the parties hereto.

■ 2. The taxpayers are entitled to spread back the salary received by Vern Hughes in 1963 as back pay under Section 1303 of the Internal Revenue Code of 1954.

■ 3. Vern Hughes realized capital gain in the amount of $5,714.06 for 1961 upon the exchange of his interest in Hughes Mining Co. for 2,500,000 shares of Shoni Uranium Company stock.

■ 4. Vern Hughes realized ordinary income in the amount of $9,000, when he received 900,000 shares of Shoni Uranium Company stock in payment of salary in 1962.

5. The evidence does not support the claim of Vern Hughes that he paid $800 in interest in 1963 on the Staley note.

■ 6. Vern Hughes has not sustained his burden of proof with respect to the interest deduction claimed by him for the year 1963 with respect to the Staley note.

■ 7. The negligence penalty was properly imposed with respect to the 1961, 1962 and 1963 tax returns of Vern and Carol Hughes pursuant to Section 6653 of the Internal Revenue Code of 1954.

8. The defendant, the United States of America, is entitled to judgment with respect to the years 1961 and 1962.

9. The plaintiffs, Vern R. and Carol Hughes, are entitled to judgment with respect to that part of their claim which relates to the spread back of salary under Section 1303 of the Internal Revenue Code of 1954, with respect to the year 1963.

10. The defendant, the United States of America, is entitled to judgment with respect to the other claims of Vern Hughes for the year 1963.

11. Any finding of fact deemed as or properly constituting a conclusion of law is hereby adopted as a conclusion of law.